

Entered on Docket
October 01, 2020
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

The following constitutes the order of the Court.
Signed: October 1, 2020

_____
**Charles Novack
U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| In re: | Case No. 19-42673 CN |
|---|---|
| SHONDA TERESE POOLE, | Chapter 7 |
| Debtor. | |
| LAWRENCE NG, | Adversary No. 20-4022 |
| Plaintiff, | |
| vs. | **ORDER DENYING CROSS MOTIONS FOR SUMMARY JUDGMENT** |
| SHONDA TERESE POOLE, | |
| Defendant. | |

On September 25, 2020 this court conducted a continued hearing on the cross-motions for summary judgment filed by plaintiff Lawrence Ng and defendant Shonda Poole. Appearances were noted on the record. For the reasons stated below, both motions are denied.

The summary judgment standard under Federal Rule of Bankruptcy Procedure 7056 is well established. A party is entitled to summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Roussos v. Michaelides (In re Roussos)*, 251 B.R. 86, 91 (9th Cir. BAP 2000), *aff'd*, 33 F.App'x 365 (9th Cir. 2000). A party may move for partial summary judgment as to any part of a claim or defense. The trial court does not weigh the evidence but merely determines whether material facts remain in dispute, and the court must draw all reasonable inferences in favor of the non-moving party. A

dispute is genuine if there is sufficient evidence for a reasonable fact finder to hold in favor of the non-moving party, and a fact is "material" if it might affect the outcome of the case. *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 1997).

The movant has both the initial burden of demonstrating an absence of a genuine issue of material fact. *See Matsushita Elec. Indust. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 686 n.10 (1986). Where that burden is met, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts" to defeat the motion." *Id*. at 586-597 (citations omitted.) Poole meets this burden by demonstrating that Ng's claim for "treble damages" are, as a matter of law, dischargeable. Ng satisfies his burden by demonstrating that there are no material questions of fact regarding the application of issue preclusion.

Having reviewed the pleadings, the court determines that the following undisputed facts are pertinent to the motions before it: In 2018, Ng sued Poole in San Francisco County Superior Court to collect money that he loaned to Poole in three separate transactions. The first loan, for $30,000.00, was made in March 2013 and was the only loan that the parties documented. The promissory note required Poole to repay the loan principal through twelve equal monthly payments, and also pay Ng a percentage of the profits of a unnamed business opportunity. Ng loaned another $5,000.00 to Poole in or around June 2015 and a final $1,000.00 to Poole later that summer. These latter loans were payable upon demand. By September 2017, Poole has not repaid any of the loans, and after several payment demands by Ng, the parties agreed that Poole would repay the loans by providing Ng with 37 undated, signed checks for $1,000 each that Poole could deposit over time. Ng later exchanged three of these checks for $3,000 in cash. Due to insufficient funds, Ng could only negotiate one of Poole's checks. In 2018, Ng retained an attorney, Barry Tagawa, to help collect the loans. Tagawa first sent Poole a demand letter, dated June 22, 2018, in which he requested repayment of the principal loan balances, late fees, costs and other charges, which totaled $34,000.00. Tagawa's demand letter also notified Poole that if she did not pay the $34,000.00 to Ng within 30 days, Ng would pursue "treble damages" and attorneys' fees under California Civil Code § 1719 because of her bad checks. California Civil Code § 1719(a)(2) provides in pertinent part that:

"any person who passes a check on insufficient funds shall be liable to the payee for

2

ORDER
Case: 20-04022    Doc# 34    Filed: 10/01/20    Entered: 10/01/20 11:48:07    Page 2 of 11

damages for equal to treble the amount of the check if a written demand for payment is mailed by certified mail to the person who has passes a check on insufficient funds and the written demand informs this person of (A) the provisions of this section, (B) the amount of the check, and © the amount of the service charge payable to the payee. The person who had passed a check on insufficient funds shall have 30 days from the date the written demand was mailed to pay the amount of the check, the amount of the service charge payable to the payee, and the costs to mail the written demand for payment. If this person fails to pay in full the amount of the check, the service charge payable to the payee, and the costs to mail the written demand within this period, this person shall then be liable instead for the amount of the check, minus any partial payments made toward the amount of the check or the service charge within 30 days of the written demand, and damages equal to treble that amount, which shall not be less than one hundred dollars ($100) nor more than one thousand five hundred dollars ($1500)."

Poole did not respond to the demand letter, and on July 31, 2018, Ng filed a collection action against Poole in San Francisco County Superior Court. Ng's complaint asserted numerous causes of action against Poole, including claims for breach of written contract, breach of implied covenant of good faith and fair dealing, breach of oral contracts, common counts, intentional and negligent misrepresentation with regard to all three loans, and intentional infliction of emotional distress. Only Ng's contract-based causes of action sought damages and fees under § 1719(a)(2).

Poole defaulted on the complaint, and on August 16, 2019, Tagawa filed a motion for a court (i.e. default) judgment. The declarations filed in support of the motion only referenced Ng's breach of contract and common counts claims, and they included a request for treble damages and attorneys' fees under Civil Code § 1719(a)(2). The San Francisco County Superior Court granted his motion on September 19, 2019, and entered a $104,002.25 judgment (the "Judgment"). The Judgment included $84,000 in damages (which apparently included $51,000.00 in statutory damages under Civil Code § 1719(a)(2)), $12,890.45 in prejudgment interest (reflecting a ten percent interest rate), $3,120.00 in attorney fees, and $3,991.80 in costs. The court understands that § 1719(a) was the only source of Poole's attorneys' fees request. The Judgment did not include any express findings of fact nor state which cause(s) of action were the basis for the damages award.

Poole filed a Chapter 7 bankruptcy on November 25, 2019, and Ng timely filed this adversary proceeding on May 11, 2020. Ng contends, among other things, that Poole defrauded him when she

3

initially borrowed the funds and when Ng agreed to alter their payments terms.[1] He therefore contends that the Judgment is non-dischargeable under Bankruptcy Code §§ 523(a)(2)(A).

**Poole's Motion For Partial Summary Judgment.**

Poole's motion limits itself to the dischargeability of the $51,000 in damages awarded under Civil Code § 1719. She contends that the "treble" damages awarded under § 1719 are dischargeable as a matter of law even if this court determines that she defrauded Ng when she borrowed the funds and renegotiated the loans' payment terms.[2] Poole's argument requires a close analysis of what constitutes a nondischargeable "debt" under § 523(a)(2)(A). The United States Supreme Court provided the analytical framework for this issue in *Cohen v. de la Cruz*, 523 U.S. 213, 118 S.Ct. 1212, 140 L.Ed. 2d 341 (1998). In *de la Cruz*, a New Jersey landlord ("Cohen") violated a local rent control ordinance and was administratively ordered to refund $31,382.50 in rent to the affected tenants. Cohen did not comply with the administrative order and instead filed a Chapter 7 bankruptcy to discharge the debt. The tenants filed an adversary proceeding against Cohen and argued that he had obtained the excess rents through "actual fraud" and that the refund was non-dischargeable under Bankruptcy Code § 523(a)(2)(A). The tenants also asserted that his conduct violated the New Jersey Consumer Fraud Act and they were entitled to recover their attorney's fees, costs, and treble damages under that statute. While Cohen argued that only the excess rent was a non-dischargeable debt under § 523(a)(2)(A), the bankruptcy court determined that the fees, costs, and treble damages arose from his fraudulent conduct and were also non-dischargeable.

The United States District Court for the District of New Jersey and the Third Circuit affirmed, as did the Supreme Court. Section 523(a)(2)(A) provides in pertinent part that "A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt-. . . . (2) for money, property, services or an extension, renewal, or refinancing of credit, to the extent

---

[1] Ng's complaint also includes claims under Bankruptcy Code § 523(a)(2)(B), (a)(6) and several discharge claims under Bankruptcy Code § 727(a). These claims are not before the court.

[2] Given the monetary limits under § 1719(a)(2), the face amount of the checks at issue were not trebled in the Judgment. For simplicity purposes, however, the court will refer to the statutory damages as "treble damages."

4

obtained, by - (A) false pretenses, a false representation, or actual fraud . . . ." The Supreme Court agreed with the Third Circuit that the Bankruptcy Code's broad definition of the term "debt" "plainly" included all forms of fraud liability, including statutory punitive damages. The Supreme Court then focused on whether the punitive damages awarded to the tenants were non-dischargeable. The Supreme Court refused to limit Cohen's non-dischargeable fraud debt to the excess rent. It held that:

> "the phrase 'to the extent obtained by' in § 523(a)(2)(A) . . . does not impose any limitation on the extent to which 'any debt' arising from fraud is excepted from discharge. 'To the extent obtained by' modifies 'money, property, services, or . . . credit' -- not 'any debt' -- so that the exception encompasses 'any debt . . . for money, property, services, or . . . credit, to the extent [that the money, property, services, or . . . credit is] obtained by' fraud. The phrase thereby makes clear that the share of money, property, etc., that is obtained by fraud gives rise to a nondischargeable debt. Once it is established that specific money or property has been obtained by fraud, however, 'any debt' arising therefrom is excepted from discharge. In this case, petitioner received rent payments from respondents for a number of years, of which $31,382.50 was obtained by fraud. His full liability traceable to that sum -- $94,147.50 plus attorney's fees and costs -- thus falls within the exception." *Id*. at 218-19."

The Supreme Court further noted that it was "unlikely that Congress . . . would have favored the interest in giving perpetrators of fraud a fresh start over the interest in protecting victims of fraud. *Id*. at 223, quoting from *Grogan v. Garner*, 498, U.S. 279, 287 (1991).

With this analytical framework at hand, the Supreme Court had little difficulty determining that the treble damages available under the New Jersey consumer fraud statute were nondischargeable under § 523(a)(2)(A). The New Jersey statute expressly provided for treble damages upon a finding of fraud; since the bankruptcy court determined that the debtor had defrauded his tenants by overcharging them rent, the statutory treble damages unremarkably arose from Cohen's fraudulent conduct and were non-dischargeable.

This court does not have an analogous statute before it. Damages under Civil Code §1719(a)(2) are available to any creditor who has received a bad check, irrespective of the issuer's *mens rea*. Since the statute is not premised on fraud, Poole contends that Ng's demand for damages under it cannot "arise" from fraud. Ng disagrees. Just as Civil Code § 1719(a)(2) does not require a finding of fraud, it equally does not exclude the fraudulent passing of a bad check from its graces. Ng contends that you cannot parse the fraudulent intent from the underlying conduct, and he

5

ORDER
Case: 20-04022    Doc# 34    Filed: 10/01/20    Entered: 10/01/20 11:48:07    Page 5 of 11

advocates for more of a strict causal analysis.

*Ghomeshi v. Sabban (In re Sabban)*, 600 F.3d 1219 (9th Cir. 2010) partially addresses this dilemma. There, Ghomeshi retained Sabban for a substantial home remodeling job after Sabban fraudulently represented that he was a licensed contractor. Ghomeshi was not a licensed contractor, and Ghomeshi paid him $123,000.00 for his work. When Ghomeshi discovered that Sabban was not licensed, he sued Sabban under two California Business and Professions Code statutes: § 7160, which authorizes a homeowner to recover attorney fees, a statutory penalty, and actual damages caused by an unlicensed contractor, and § 7031(b), which requires an unlicensed contractor to disgorge all funds received from the homeowner irrespective of intent. The California Superior Court determined that Ghomeshi has not suffered any actual damages under § 7160, and limited his recovery under that statute to its $500 penalty and his attorney fees. The Superior Court did, however, order Sabban to disgorge the entirety of the $123,000.

Sabban thereafter filed a Chapter 7 bankruptcy, and Ghomeshi filed a § 523(a)(2) adversary proceeding against him. Ghomeshi argued that Sabban had defrauded him and that under *Cohen v. de la Cruz* the $123,000 disgorgement award was "traceable to" or "resulting from" the fraud and therefore was nondischargeable. He contended that "under *Cohen*, 'it makes no difference that a debtor's proven fraud exposes him to further liability for violation of laws that do not mention fraud.'" *Id*. at 1223-24. The bankruptcy court, Bankruptcy Appellate Panel, and ultimately the Ninth Circuit, disagreed. The Ninth Circuit framed the issue before it as follows: "The parties do not dispute that Ghomeshi, the creditor, has established the first four elements for nondischargeability under § 523(a)(2)(A). The only issue is whether the $123,000 awarded by the state court under § 7031(b) constitutes "loss and damage" sustained by Ghomeshi "as the proximate result" of the false representation that Pacific was a licensed contractor." *Id*. at 1223. The Ninth Circuit first concluded that Sabban had not incurred any actual harm due to Ghomeshi's fraud. It then distinguished *Cohen v. de la Cruz* by noting that while the New Jersey consumer fraud statute required a finding of fraud, Business and Professions Code § 7103(b) did not. "Unlike the New Jersey Consumer Fraud Act at issue in *Cohen*, § 7031(b) is not premised on the commission of fraud. In order to recover compensation paid to a contractor, a plaintiff in a § 7031(b) suit need only show

6

ORDER
Case: 20-04022  Doc# 34  Filed: 10/01/20  Entered: 10/01/20 11:48:07  Page 6 of 11

that the contractor was unlicensed." *Id*. at 1224. In what it conceded was a "somewhat close question," the Ninth Circuit held that "because the award of $123,000 was made under a statute that is not premised on either fraud or actual harm, it is not a debt for money obtained by fraud within the meaning of . . . § 523(a)(2)(A)." *Ibid*.[3]

The facts before this court are distinguishable from the homeowner's plight in *Ghomeshi*. Unlike Business and Professions Code § 7103(b), Civil Code § 1719(a)(2) is premised on actual harm - the failure to make good on a promise to pay. Moreover, fraud requires both intent and conduct, and the court cannot separate the two. If Ng can establish a non-dischargeable fraud claim, then he is entitled to recover all damages proximately arising from that fraudulent conduct. The full extent of *Ghomeshi v. Sabban*'s import herein may well depend on what actual damages Ng proves at trial were proximately caused by Poole's alleged fraud.

It is important for the parties to understand what this court is not deciding today. To establish a non-dischargeable claim under § 523(a)(2)(A), Ng must prove by a preponderance of the evidence the following elements:

(1) Poole made false representations;

(2) that at the time she knew they were false;

(3) that she made them with the intention and purpose of deceiving Ng;

(4) that Ng relied on such representations; and

(5) that Ng sustained the alleged loss and damage as the proximate result of the misrepresentations having been made.

*Ghomeshi v. Sabban (In re Sabban)*, 600 F.3d 1219, 1222 (9th Cir. 2010)(quoting *Am. Express Travel Related Servs. Co. v. Hashemi (In re Hashemi)*, 104 F.3d 1122, 1125 (9th Cir. 1996)). Poole is not conceding these elements as part of her summary judgment motion. Instead, she has requested that this court determine whether, under any scenario, Ng's request for treble damages is non-

---

[3] Several courts have compared and contrasted *Cohen v. de La Cruz* and *Ghomeshi*. *See*, *e.g.*, *In re Exide Techs.*, 601 B.R. 271 (Bankr.D.Del. 2019); *Fire Safe Prot. Servs. v. Ayesh (In re Ayesh)*, 465 B.R. 443 (Bankr. S.D.Tex. 2011). The *Ayesh* court significantly noted that the *Ghomeshi* court "require[d] more that mere 'but for' causation for liability to 'arise from' a debtor's fraud." *Ayesh*, *supra*, at 450.

dischargeable. Nor has Ng argued what "form" of fraud is at issue.[4] Again, assuming that Ng satisfies these five elements, he may recover damages that proximately arise from the fraudulent conduct.

Accordingly, Poole's motion for partial summary judgment is denied.

**Ng's Summary Judgment Motion.**

In contrast to Poole's motion, Ng seeks full summary judgment on his § 523(a)(2)(A) claim for relief. Ng argues that this court should apply California's version of collateral estoppel (issue preclusion) to the Judgment and hold that the entire Judgment is non-dischargeable.

The issue preclusive effect of a state court judgment may be grounds for summary judgment in an nondischargeability adversary proceeding. *See Grogan v. Garner*, 498 U.S. 279, 284-85 & n.11 (1991). A federal court must apply the same preclusive effect to a state court judgment that it otherwise would receive under the law of the state in which the judgment was rendered. *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed. 2d 56 (1984); accord *Clark v. Yosemite Community College Dist.*, 785 F.2d 781, 784 (9th Cir. 1986). California's issue preclusion doctrine has five threshold requirements:

(1) the issue sought to be precluded must be identical to that decided in the former proceeding,

(2) this issue must have been actually litigated in the former proceeding,

(3) it must have been necessarily decided in the former proceeding,

(4) the decision in the former proceeding must be final and on the merits, and

(5) the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.

*Lucido v. Super. Ct., 51 Cal.3d 335, 341-43 (1990).* In addition, the application of preclusion must further the public policies underlying the doctrine. *Id* at. 343. Moreover, when determining its application to a default judgment, issue preclusion will only apply if (1) the defendant was personally

---

[4] Section 523(a)(2)(A) refers to money, property or services obtained by fraud, and an extension, renewal, or refinancing of credit obtained by fraud. For the latter, *see Cho Hung Bank v. Kim (In re Kim)*, 163 B.R. 157 (Bankr. 9th Cir. 1994).

8

served with summons in the first suit or had actual knowledge of the existence of the suit; and (2) either the record shows an express finding was made on the allegation for which preclusion is sought or the court in the first suit necessarily decided the issue. *Cal-Micro, Inc. v. Cantrell (In re Cantrell)*, 329 F.3d 12119, 1124 (9th Cir. 2003).The party seeking application of issue preclusion bears the burden of proving all of its criteria. *Kelly v. Okoye (In re Kelly)*, 182 B.R. 255, 258 (9th Cir. BAP 1995), aff'd, 100 F.3d 110 (9th Cir. 1996). Thus, the moving party must present a record sufficient to reveal the controlling facts and the exact issues litigated in the first suit. *Id*. Any reasonable doubt as to what was decided in the first suit will weigh against the application of issue preclusion. *Id*.

Actual fraud under California law and a § 523(a)(2)(A) non-dischargeability fraud claim share the same elements. *See Engala v. Permanente Med. Grp., Inc.*, 15 Cal. 4th 951, 974 (1997), *as modified* (July 30, 1997). Accordingly, a finding of actual fraud by a California trial court would satisfy the "identity of issue" element. *Lee v. Tcast Commc'ns, Inc. (In re Jung Sup Lee)*, 335 B.R. 130, 136 (9th Cir. BAP 2005).

Ng's motion for summary judgment is denied. First, Ng has not presented any evidence that the complaint was personally served on Poole or that she had actual knowledge of its existence. Second, the San Francisco County Superior Court did not make any express factual findings of fraud, nor did it necessarily decide the fraud allegations. As stated above, Ng's declaration in support of his motion for a court judgment did not raise his fraud cause of action, and his fraud claim - unlike his contract based claims - did not seek treble damages and attorneys' fees under § 1719(a)(2). Thus, the San Francisco County Superior Court could have awarded the treble damages on his breach of contract causes of action alone. In addition, the Superior Court used a ten percent interest rate to calculate pre-judgment interest. While Superior Courts may award prejudgment interest in fraud cases under California Civil Code § 3288, they cannot award such interest at a rate higher than seven percent per annum from the date the claim arose unless a statute provides otherwise. *See* Cal.Const. art. XV, § 1; *Children's Hosp. & Med. Ctr. v. Bonta*, 97 Cal.App.4th 740, 774-75 (2002). No such statute exists that provides otherwise for fraud. *Michelson v. Hamada*, 29 Cal.App.4th 1566, 1585-86 (1994), *as modified* (Nov. 14, 1994), *as modified on denial of reh'g* (Nov. 17, 1994), *as modified* (Nov. 22, 1994). Thus, if the Judgment was based on the fraud claim, the prejudgment interest would

9

ORDER
Case: 20-04022   Doc# 34   Filed: 10/01/20   Entered: 10/01/20 11:48:07   Page 9 of 11

have been at seven percent, not the ten percent awarded by the Superior Court.

Simply, the Superior Court could have entered the Judgment without finding fraud. This ambiguity prevents this court from giving it issue preclusive effect. Ng's motion for summary judgment is therefore denied.

**\*\*\* END OF ORDER \*\*\***

**COURT SERVICE LIST**

Recipients are ECF participants